IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHRON K. LINDER,<br>Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| JULIO ALGARIN, *et al.*,<br>Defendants. | : | NO. 17-4290 |

## MEMORANDUM

**GOLDBERG, J.**  October 10, 2017

Plaintiff Shron K. Linder, a prisoner incarcerated at the Montgomery County Correctional Facility, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Warden Julio Algarin, Deputy Warden Sean McGee, Gary Chesney, Captain Joseph Interrante, Captain Smith, and Lieutenant Flamer. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant the plaintiff leave to proceed *in forma pauperis* and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice.

### I.   FACTS

Plaintiff claims that inmates at the Montgomery County Correctional Facility who are housed in medium and maximum custody are not permitted to have access to the law library. (Compl. ¶ II.D.) For ten months, plaintiff requested to use the law library and was "constantly denied." (*Id.*) Plaintiff was told that the only way he could use the law library was with a court order. (*Id.*) Based on these facts, plaintiff appears to be asserting a claim that he was denied access to the courts. He seeks $3,500.00 in compensatory damages, $3,500.00 in punitive damages, and injunctive relief in the form of permitting medium and maximum custody inmates to have access to the law library. (*Id.* ¶ V.)

1

II. **STANDARD OF REVIEW**

Plaintiff will be granted leave to proceed *in forma pauperis* because it appears he is not capable of prepaying the fees required to commence this action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).[2][3]

III. **DISCUSSION**

Prisoners retain a right to access the courts to pursue direct or collateral challenges to their sentences and to challenge their conditions of confinement. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). A prisoner claiming that the defendants' actions "have inhibited [his] opportunity to present a past legal claim[] . . . must show (1) that [he] suffered an 'actual injury' – that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he has] no other 'remedy that may be awarded as recompense' for the lost claim other than in

---

[1] However, as plaintiff is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

[2] "[M]ere conclusory statements[] do not suffice." *Id.*

[3] As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

2

the present denial of access suit." *Id.* "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, the complaint fails to state a claim because it does not describe the underlying claim in a manner that would allow the Court to conclude that it was nonfrivolous or arguable. To the contrary, the only information discernable from the complaint is that the plaintiff wanted to use the law library and was prevented from doing so. Those allegations are insufficient on their own to establish that plaintiff suffered an actual injury. Nor does the complaint allege that plaintiff has no other remedy to compensate him for his lost claims.

For the foregoing reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to the plaintiff's right to file an amended complaint in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.